U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**
OCT 05 2009
AT_____ O'CLOCK
Lawrence K. Baerman, Clerk - Syracuse

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------X

**JURY TRIAL DEMANDED**

**PATRICK PROCTOR,**

           Plaintiff,

    -against-

**LUCIEN J. LeCLAIRE, Jr., Deputy**
**Commissioner, Department of**
**Correctional Services,**

           Defendant.

-----------------------------------------------------X

**CIVIL RIGHTS COMPLAINT**
**Pursuant to 42 U.S.C. §1983**

Civil Case No.: *9:09-cv-1114*
*GLS/DEP*

## PRELIMINARY STATEMENT

This is a civil action filed by PATRICK PROCTOR, a state prisoner, for damages

(compensatory and punitive), injunctive relief and declaratory judgement under 42 U.S.C. §1983,

alleging violations of his due process of Law, and discriminatory policy or practice, which

violates the Fourteenth Amendment of the United States Constitution, which resulted in the loss

of liberty and caused atypical and significant hardship.

## JURISDICTION

1.) This Court has jurisdiction over plaintiff's claims of violations of federal

Constitutional Rights under 28 U.S.C. §§1331 and 1343 (A) (3), (4). Plaintiff seek's declaratory

relief pursuant to 28 U.S.C. §§2201, 2202. Plaintiff's claims for injunctive relief are authorized

by 28 U.S.C. §§2283, 2284 and Rule 65 of The Federal Rules of Civil Procedure.

## VENUE

2.) The United States District Court for the Northern District of New York, is an

appropriate venue under 28 U.S.C. §1391 (b) (2) because it is where the events given rise to this

claim occurred.

## PLAINTIFF

3.) Plaintiff, PATRICK PROCTOR, is a New York State prisoner who is incarcerated

within the New York State Department of Correctional Services ("DOCS") at the Clinton

Correctional Facility ("CCF"), in Dannemora New York, and all events described in this

complaint happened at the CCF and Great Meadow Correctional Facility ("GMCF"), which both

facilities fall within the venue of the Northern District.

## DEFENDANT

4.) Defendant, LUCIEN J. LeCLAIRE, JR., is the Deputy Commissioner of the State of

New York DOCS. In that capacity, he was given the responsibility by the Commissioner,

pursuant to 7 N.Y.C.R.R. §301.4 et seq, for making the final determination to maintain plaintiff

in Administrative Segregation ("Ad Seg") using 'Periodic Reviews' that are in compliance with

the due process of Law. The state created liberty interest is protected by Due process clause.

5.) Defendant LeCLAIRE is sued in his individual capacity, as well as his official

capacity. The Defendant has acted and continues to act under Color of State Law at all times

relevant to this complaint.

## PRIOR COURT PROCEEDINGS

6.) This is the first Federal Court proceeding that plaintiff has submitted in which he is

directly challenging the deprivations caused by Defendant LeCLAIRE maintaining him in Ad

Seg using sham, perfunctory 'PERIODIC REVIEWS' that are not meaningful. Plaintiff

previously submitted a 42 U.S.C. §1983 (PROCTOR V. KELLY, et al., 9:05 - CV - 0692

N.D.N.Y. (GTS) (GJD) ) and attempted to allege a 'Periodic Review' claim before this Court,

but in Judge Suddaby's Memorandum Decision and Order filed December 16, 2008 (Id at pgs

14-16), he ruled the reviews were not properly before the Court, since plaintiff never mentioned the words ' Periodic Reviews' in his Amended Complaint. So he is not Collaterally Estopped from bringing this claim.

7.)   Two other previous court proceedings that will be mentioned herein, are <u>PROCTOR v. COOMBE</u>, 233 A.D. 2d 648 [3d Dept. 1996]; <u>PROCTOR v. GOORD</u>, 801 N.Y.S. 2d 517 [Sup. CT. 2005].

<u>FACTS</u>

8.)   On December 8, 2003, while housed within the GMCF, plaintiff completed his term of nine years and one month of confinement in the special housing unit ("SHU"). That confinement was imposed for various disciplinary infractions, including, but not limited to escape, weapon, assault, fighting, etc.

9.)   Plaintiff was never released from SHU on December 8, 2003, instead, on December 9, 2003, he was served with an Ad Seg recommendation that was dated 12-8-03, and authorized by a Deputy Inspector General George Seyfert. In that recommendation was listed approximately 14 specific allegations of previously completed misconduct, as well as general references to allegations of inappropriate conduct ranging over a 20 year period.

10.)   On December 24, 2003, plaintiff was officially placed in Ad Seg status by a Captain Charles F. Kelly Jr., whom was plaintiff's hearing officer.

11.)   Plaintiff did submit a §1983 (See 'PRIOR COURT PROCEEDINGS' Herein) to challenge various procedural violations as well as conditions of confinement violations. Upon information and belief, plaintiff lost that suit because of lack of Legal training. He cross-moved for Summary Judgement instead of just opposing defendants motion. Because he cross-moved, he had to prove every aspect of his case (Including Defendants State of Mind) on paper.

Something impossible to do without testimony. He also lost that suit, partially because he did not

properly identify the 'Periodic Reviews' within his Amended Complaint, not affording

defendants notice. Thus Judge Suddaby ruled the reviews were never before the court.

12.)   Upon information and belief, plaintiff has a continuing Due Process right to

'Periodic Reviews' of his confinement so that Ad Seg is not used for indefinite confinement. See

Hewitt v. Helm's, 459 U.S. 460, 477 n.9 (1983). These reviews are to be held pursuant to 7

N.Y.C.R.R. §301.4 (d), (1), (3), (4) (e) and those 'Periodic Reviews' must be meaningful. See

DOE v. SIMON, 221 F.3d 137, 139 (2d Cir. 2000); Tellier v. Fields, 280 F.3d 69, 77-83 (2nd Cir.

2001).

13.)   In a periodic review for 4-1-05, §A has Captain Kelly as the Committee Chairman.

The same Captain Kelly mentioned in ¶10 where he was plaintiff's hearing officer at the original

Ad Seg placement hearing.  §C has defendant LeCLAIRE's signature ordering continued Ad Seg

placement. This ¶ also applies To the 6-7-05 and 8-5-05 Reviews.

14.) §A of the 2-23-04 and 4-9-04 Reviews, calls for "information on
Inmates subsequent behavior and attitude." Yet this § contains information that
is said To have happened four (4) months PRIOR To the 12-24-03 Ad
Seg original placement decision. Thus the Reviews are a sham.

15.)   In a letter dated 8-28-05, plaintiff wrote then GMCF Superintendent Gary Greene a

"letter for consideration/ Admin Seg 60 day review" and asked him to forward the letter to the

Periodic Review Committee. This letter complained about many things, but specifically

addressed concern's that information that was previously expunged off his record, was being

considered to maintain him in Ad Seg, as well as, Captain Kelly being the Ad Seg periodic

review committee chairman, when he was also the hearing officer at the placement hearing.

16.)   In a periodic review for 10-5-05, §A reads in relevant part: "Proctor has submitted a

letter dated 8-30-05 for the Central Office Committee to review." Then Captain Kelly signed as the Committee Chairman. As pointed out in ¶15, plaintiff's letter is dated 8-28-05, not 8-30-05.

17.)  In §B page two ¶4 of the 10-5-05 periodic review, it reads in relevant part: "The committee considered a letter from inmate Proctor dated 9-28-05". As pointed out in ¶16, plaintiff's letter is dated 8-28-05, not 9-28-05 or 8-30-05.

18.)  In §B page two ¶5 of the 10-5-05 review, the committee makes comment to the use of expunged information brought to their attention in the 8-28-05 letter. Saying in relevant part : "As we have repeatedly stated, unless administratively or judicially set aside, the committee has a right to rely on the findings made during the inmates Ad Seg hearing." §C then has defendant LeClaire's signature ordering continued Ad Seg placement.

19.)  Upon information and belief, this statement in ¶18, is proof defendant LeClaire was repeatedly placed on notice of the previously expunged information. What's shocking about the ¶18 statement, is the expunged information was already judicially set aside in 1996, Prior to the original Ad Seg placement hearing (See Proctor v. Coombe, 233 A.D. 2d 648 [3d Dept. 1996]), and again after it was used for almost two years to maintain plaintiff in Ad Seg (See Proctor v. Goord, 801 N.Y.S. 2d 517 [Sup. CT. 2005]). NOTE: The Proctor v. Goord, Supra decision was made the month prior to the review statement mentioned in ¶18. Also note: The Proctor v. Goord, Supra decision ordered plaintiff's records expunged, yet as shown in ¶¶63-66 herein, the allegedly expunged information is still on plaintiff's records in 2009.

20.)  Upon information and belief, the controlling law here is Giano v. Kelly, 869 F. Supp. 143, 148-152 (W.D.N.Y. 1994); Childs v. Pellegrin, 822 F. 2d 1382, 1388-89 (6th Cir. 1988) ("Keeping a prisoner in Ad Seg based on misconduct charge of which he has been cleared, denied due process"); Howard v. Coughlin, 212 A.D.2d 852 [1995], lv. denied 85 N.Y. 2d 812

[1995].

21.)   In periodic reviews for 12-5-05, 2-8-06, 4-4-06 and 6-1-06, §A has Captain Kelly as

the Committee Chairman when he was the hearing officer.   §A also has the quoted remark "has

to much time to do to be recaptured", on all the reviews Captain Kelly was chairman for. This

statement is fabricated and was strongly disputed to Captain Kelly at the original placement

hearing. It's said that statement derived from an un-signed 'Interdepartmental Communication'

that does not even meet the 'some reliable evidence' standard of the Second Circuit.   §C on all

mentioned reviews have defendant LeCLAIRE authorizing continued confinement, despite the

blatant evidence the reviews are denying due process.

22.) Captain Kelly was the Committee Chairman for eight different reviews, spanning a

14 month time period (See ¶¶13-21 herein). Upon information and belief; "It has been held, that

prison officer who invokes the disciplinary process, should not sit on the committee reviewing

the matter."  Miller v. Twomey, 479 F.2d 701, 716 (7th Cir. 1973); Merritt v. Delos Santos, 721

F.2d 598, 600-01 (7th Cir. 1983); Finney v. Arkansas Bd. of Corr., 505 F. 2d 194, 208 (8th Cir.

1974).

23.)   Upon information and belief, the periodic reviews that have been maintaining

plaintiff in Ad Seg from the very first review (i.e. 2-23-04, until present), have been meaningless

and performed merely as a formality and are a pretext by defendant LeClaire to indefinitely

confine him to Ad Seg. Plaintiff believes the fact's presented in this entire complaint, show

specific and related instances of discrimination are being permitted by defendant LeClaire, to

continue unremedied for so long as to amount to a discriminatory policy or practice and plaintiff

believes the "continuing violation" doctrine, applies in this case, and he is "entitled to have a

court consider all relevant actions taken pursuant to defendants discriminatory policy or practice,

including those that would otherwise be time barred." Jackson v. New York State, 381 F. Supp. 2d 80, 87-88 (N.D.N.Y. 2005) (Quoting 2nd Circuit cases).

24.)   As pointed out in ¶¶18-20, there is evidence that Court ordered expunged information, was not expunged from plaintiff's records, and was in fact continued to be relied upon to maintain him in Ad Seg, even after he continuously placed defendant on notice the information was expunged. There is evidence defendant LeClaire "actively misled" plaintiff into believing this "previously ordered expunged" information, was not in his records, when it certainly was, See ¶¶63-66 herein. Upon information and belief, defendant LeClaire engaged in fraudulent concealment of fact's that would alert plaintiff to the existence of a cause of action and is not entitled to benefit from the ignorance he perpetuated on plaintiff, and he should be "equitably estopped" (Doctrine of "equitable tolling") from raising a statute of limitations defense. See Bodner v. Banque Paribas, 114 F. Supp. 2d 117, 135 (E.D.N.Y. 2000) (Quoting 2nd Circuit cases).

25.)   Upon information and belief, an inadvertent denial of a periodic review does not give rise to a Constitutional claim in its own right. So plaintiff has to rely on the "continuing violation" doctrine to show fact's and circumstances, over a period of time, how his reviews are perfunctory and meaningless, by pointing out "specific and related instances of discrimination are permitted by defendant to continue unremedied for so long as to amount to a discriminatory policy or practice." Cornwell v. Robinson, 23 F. 3d 694, 704 (2d Cir. 1994). If for some reason this court does not recognize plaintiff's [believed] right to allege facts going back further than three years from date this complaint is received by this court, then the fact's that do fall within the three year limit on these on-going due process violations, start now;

26.)   In a periodic review for 10-10-06, §A of the review says in relevant part: "subject

has stated that he 'has too much time to do to be recaptured'." This allegation derived from an

un-signed 'Interdepartmental Communication' allegedly from a Sergeant Robert P. Sweeney,

dated March 20, 1990. This un-signed communication is fabricated, yet it is being relied upon as

justification to maintain Ad Seg placement.

    27.)   Also in §A ¶ two it says in relevant part: "Proctor has minimal incidents [Since] his

placement into Ad Seg at this facility. However, these reports consist of incidents involving

harassment, threats, unhygienic acts, lewd conduct and contraband." This is record evidence that

plaintiff continued to remain in Ad Seg as a result of a [new] reason that arose after the date on

which he was originally placed in Ad Seg, and he never received notice of these [New] reasons

until after they were already used to deny him Liberty. He was also not afforded notice to

respond at a hearing.

    28.)   In the same review, §B page two ¶2 says in relevant part: "Proctor is currently

serving a sentence for murder." Plaintiff never received notice and a right to be heard in a

meaningful time and meaningful manner prior to this [changed] reason (i.e. Murder) being used

to deny him Liberty. There was no 'Murder' as an original reason why plaintiff was being placed

in Ad Seg. Plaintiff was not afforded notice of the [changed] reason until after it was used to

deny him liberty, when this [changed] reason existed prior to the original placement hearing, and

he never received a hearing on this [changed] reason which is being used to maintain him in Ad

Seg.  §C has defendant LeClarie's signature.

    29.)   In a periodic review for 12-11-06, both sections described in ¶¶ 26-27 herein, also

apply to this review, since they mirror each other.

    30.)   In the 12-11-06 review at §B, first pages says in relevant part: "His current term of

36 years to life is for the crimes of murder, robbery, burglary, possession of a weapon and

escape." It should be noted, the robbery and possession of a weapon are [changed] reasons why plaintiff is being maintained in Ad Seg. These [changed] reasons were added since the previous review (¶28). All of these reasons (i.e. murder, robbery, possession of weapon) are [changed] reasons from the original Ad Seg placement hearing of December 2003, and all these crimes were in existence prior to that hearing and defendant had a full and fair opportunity to give notice and a right to be heard at the placement hearing, prior to the [changed] reasons being relied upon to deny liberty, but chose not to. Upon information and belief, that denies due process.

31.)  In a periodic review for 2-2-07, both sections described in ¶¶26-27, also apply to this review, since they mirror each other.  §B on the first page contain's the same information complained about in ¶¶28, 30.  It should be noted §C defendant LeClaire signed.

32.)  In a periodic review for 4-11-07, both sections described in ¶¶ 26-27, also apply to this review, since they mirror each other.  §B, second page, contains the fabricated information described previously in ¶26, as well as additional fabricated information. This review also contain's information (e.g. "Set fire to cell") that plaintiff was found innocent of in October 1995, at a due process hearing, at Auburn Correctional Facility, by Captain Rourke. That did not stop defendant LeClaire from relying upon it to deny plaintiff due process. See §C for defendant LeClaire's signature.

33.)  On 4-30-07, plaintiff wrote Superintendent Darwin LaClair, at GMCF. That letter was in reference to "Ad Seg 60 day review letter to be forwarded to Central Office sham Review Committee." The 4-30-07 letter contained objections to the 4-11-07 periodic review.

34.)  In a review for 6-7-07, both sections described in ¶¶ 26-27 herein, also apply to this review, since they mirror each other.

35.)  In the 6-7-07 review at §B, page one and two, the review also contains fabricated

allegations.  §B page two ¶3 the review makes note of plaintiff's 4-30-07 letter.  §C has

defendant LeClaire's signature continuing Ad Seg placement.

36.)  While at GMCF, plaintiff wrote a Grievance dated 7-27-07, which was given

Grievance number 43, 455-07. This Grievance was about his periodic reviews not being

meaningful and being used as a pretext for indefinitely confining him to SHU, all the while

considering false information (it's detailed) as well as crimes never considered at the original

placement hearing. (See ¶30 herein).

37.)  On 8-8-07, Grievance 43, 455-07, was dismissed pursuant to directive #4040

§701.5 (B) (4) (C) (2). On 8-13-07, plaintiff appealed that decision to the GMCF Superintendent.

On 8-17-07, he received a letter from Head Clerk George Schnackenberg, notifying him that

when a Grievance is dismissed, he may not appeal it to the Superintendent. The clerk wrote in

relevant part: "By filing this Grievance and having it dismissed, you have exhausted your

Admin. Remedies." (See Exhausted Grievance, Exhibit A Attached hereto).

38.)  In a review for 8-6-07, §A contains the same information mentioned in ¶26, as well

as additional opinions not previously mentioned.

39.)  In the 8-6-07 review at §B first page, the review mentions the same basic

information previously mentioned in ¶30, but now the review has morphed itself into mentioning

how many counts of crimes its said plaintiff committed. Upon information and belief, ¶¶28,30,39
could have been raised and adjudicated in prior original Ad Seg hearing, res judicata
applies (Burgess V. Goord, 285 A.D.2d 753, 755[2001]). ¶32 deserves "conclusive
effect to the quasi-judicial determinations of administrative agencies" (Ryan
V. New York Tel. Co., 62 N.Y. 2d 494, 499[1984]); Hernandez V. Selsky, 5 A.D.3d
882 (A.D.3 Dept. 2004). ¶¶ 15, 18-19, 24 deserves 'collateral estoppel' – 'res judicata'
effect (Burgos V. Hopkins, 14 F.3d 787, 790-792(2d Cir. 1994)); 28 U.S.C. § 1738.

40.)  In a review for 10-8-07, §A mirror's the same information contained in the 8-6-07

review at §A.  §B at page two contains fabricated allegations (e.g. "Proctor removed his

handcuff's" and Proctor is reported to have said, that he "wanted to be more famous" if escaped

he "would be one bad dude", and that he had "too much time to do to be recaptured.") defendant

LeClaire signed §C.

41.)  In a letter dated 9-25-07, plaintiff wrote Commissioner Brian Fischer a letter in

regards to his Ad Seg status and questioning the need for continued SHU placement with no

privileges. The Conditions in Ad Seg are inadequate /cruel and Torment.

42.)  In a letter dated October 29, 2007, defendant LeClaire wrote plaintiff stating

Commissioner Fischer asked him to respond in regards to plaintiff's Ad Seg status. Defendant

LeClaire wrote in part: "All pertinent information, including your letter, will be included as part

of the review process during the next meeting of the Ad Seg review committee."

43.)  In a review for 12-4-07, §A contains the same basic information complained about

in ¶26.  §B contains the same [changed] reasons that were not an initial reason for placing

plaintiff in Ad Seg, as discussed in ¶¶30, 39 herein. When plaintiff submits letters and

objections, the committee usually gives the superficial resemblance that the reviews are

meaningful by briefly addressing them. Yet the letter dated 9-25-07 (See ¶ 41) was not

considered or included at the Review Committee as defendant LeClaire's letter of October 29,

2007 (See ¶42) said it would be. Upon information and belief, that's proof defendant LeClaire

never included that letter, as he was obligated to do, denying plaintiff his right to be heard, and

suggesting sham, perfunctory and meaningless reviews. It's believed the controlling Law here is

Giano v. Selsky, 2002 WL 31002803, at *7 (N.D.N.Y. Sept. 5, 2002) (Kahn, J).

44.)  In a letter dated February 29, 2008, Commissioner Brian Fischer wrote plaintiff

stating in relevant part: "This is in response to your letter of September 25, 2007" and "Your

disciplinary record, and your attempt to escape, do not suggest that placement in general population is appropriate, your claims to the contrary not withstanding".

45.)  Defendant LeClaire allegedly referred plaintiff's letter to the next Ad Seg review committee (See ¶42). The review committee makes no remark (as they usually do) that any such letter was included or considered (See ¶43). The review committee member's are all subordinates of defendant LeClaire and Commissioner Fischer. Defendant LaClaire is a subordinate to Commissioner Fischer, and Commissioner Fischer has stated plaintiff's "placement in general population is not appropriate" (See ¶44).

46.)  Upon information and belief, at the very least, the above information contained in all paragraphs, but more specifically ¶¶ 41-45, indicate that any reviews subsequent to February 29, 2008, when Commissioner Fischer wrote that letter, were a sham, not meaningful, perfunctory and being used by defendant LeClaire as a pretext to indefinitely confine plaintiff with deliberate indifference to his liberty. Defendant LeClaire is only following his boss's wishes at that point, as is the review committee. This is evidence of, at the very least, "System-wide" decision making.

47.)  The Boss has indicated he wants a prisoner maintained in Ad Seg, yet that Boss designated a subordinate to the final stage of the review process which determines whether that prisoner stays in Ad Seg. Upon information and belief, that is an inherent conflict of interest and proof, at that very least, the reviews are merely a formality and are meaningless. Upon information and belief, the controlling Law that cover's that scenario is McClary v. Coughlin, 87 F. Supp2d 205, 208-213 n-7 (W.D.N.Y. 2000).

48.)  In a review for 2-6-08, §A contains the same information in most reviews and mirror's §A of the 12-4-07 review.  §B of this review also mirror's previous complained about

information. Defendant LeClaire signed §C, continuing to maintain Ad Seg placement.

49.) On 3-4-08, plaintiff wrote a letter to GMCF Superintendent David Rock, with a

"Ad Seg '60 day review' letter." This letter was to be considered at the next periodic review

committee and was to be taken as objection to the review of 2-6-09.

50.) §§A-B of the 4-9/6-9 and 8-7-08 reviews contain same basic information as complained about in ¶¶ 26-28, 30 and 39 herein.

51.) §C of the 6-9-09 review, defendant LeClaire writes "upon Review of all available information, including but not limited to the above data, your continued retention in Ad Seg is needed at this time."

52.) Upon information and belief, the ¶ 52 statement, is evidence that information not mentioned in the Review, is being relied upon and considered, to maintain Ad Seg placement, violating Plaintiff's entitlement to notice of the reasons for his confinement and an opportunity to respond to those reasons. Hewitt, 459 U.S. at 477; Giano V. Selsky, 2002 WL 31002803 at *7 (N.D.N.Y.) (inmate should be informed of the new reasons and given opportunity to respond).

53.) In a review for 10-7-08, §§A-B contain the basic same information previously

complained about in ¶¶26-28, 30, 39. In addition, at §B on page two second paragraph, this

review mentions two times that plaintiff has "Assaults (Plural) on staff." The review claims these

assaults (again 'Plural') derived from "Unusual Incidents/Tier II and Tier III incidents." A

review of plaintiff's disciplinary history will show that statement is a lie and fabricated, that he

only has one such assault that derived from one Tier III. That did not stop defendant LeClaire

from relying upon §§A-B of this review as an excuse to continue to maintain plaintiff in Ad Seg.

See §C for his signature.

54.) On 12-3-08, plaintiff wrote a letter to CCF Deputy Superintendent of Security S.

Racette, with a letter titled "My Admin. Seg. 60 Day Periodic Review." This letter was to be

considered at the next review.

55.) In a review for 12-9-08, §§A-B contain the same basic information in ¶¶26, 28, 30

herein. Upon information and belief, the motivation for Defendant

LeClaire's decision To maintain plaintiff in Ad seg status, is To discipline and Retaliate against him for escaping on election day (allegedly making him and his Boss look bad), Thus the procedures being used To maintain Ad Seg, aren't adequate To safeguard plaintiff's liberty interest in avoiding Ad seg/receive meaningful periodic Reviews, and are only a pretext.

56.) On 10-28-08, plaintiff wrote a letter to Governor David Paterson in reference to: "Request for a pardon of my past iniquities and release from an arbitrary sentence of Ad Seg and any other relief you deem just and proper." This letter goes into detail how the Ad Seg review committee is considering information they should not be, and using it to continuously maintain him in Ad Seg.

57.) In a review for 2-9-09, §A basically contains that same information complained about in ¶26. §B first page contains the same information complained about in ¶30. §B on page two acknowledges receipt of the letter described in ¶56, as well as the letter described in ¶54. So they are on 'Notice' again. Defendant LeClaire's signature appear's in §C.

58.) On 3-11-09, plaintiff wrote a letter to CCF Deputy Superintendent of Security S. Racette, with a letter titled; " Ad Seg '60 Day Periodic Review." This letter was to be considered at his next review, and contained objections to the review in ¶57. (It should be noted, all these reviews have three different sections (¶¶A-C)). So the date 2-12-09, as referred to within the 3-11-09 letter, is in reference to §B of the 2-9-09 review.

59.) In a review of 4-9-09, §§A-B contain the same basic information complained about in ¶¶26, 28, 30. §B page Two acknowledged receipt of the ¶58 described letter. Defendant LeClaire's signature appears in §C.

60.) On 5-20-09, plaintiff wrote a Grievance at CCF in regards to his Ad Seg reviews

not being meaningful, which was given Grievance number Cl-59069-09, and is stamped as filed June 1, 2009. On June 2, 2009, the Grievance was denied, on 6-3-09, plaintiff appealed the Grievance to the Superintendent. On 6-15-09 the appeal was denied by first Deputy Superintendent T. LaValley. On 6-17-09, plaintiff wrote an appeal statement to be forwarded to Central Office Review Committee ("CORC"). On 7-29-09, CORC denied all relief requested. (See Exhausted Grievance, Exhibit B Attached hereto).

61.) In a review of 6-9-09, §A has the same information complained about in ¶26. §B page Two also has the same information complained about in ¶30. Defendant LeClaire signed §C, thus approving continued confinement in Ad Seg.

62.) On 6-29-09, plaintiff wrote a letter to Deputy Superintendent S. Racette, with a letter titled "Ad Seg '60 Day Periodic Review." This letter was in response to the review of ¶61, and addresses objections of how these reviews are a sham.

63.) On 7-29-09, plaintiff had a Grievance filed at CCF, which was given Grievance number Cl-59286-09. It states: "on 7-8-09, I sent Ms. D. Jarvis, IRC, F.O.I,L. Officer, a disbursement for $2.00 to cover the cost of my disciplinary history and my Ad Seg recommendation of 12-8-03. Today 7-23-09, I received these item's legal mail (I signed for them). On the last page on the Ad Seg recommendation, second paragraph, it says: "On 6-6-95 during a search of Proctors SHU cell 250, a sharpened nail clipper was found in the electric plate cover." This exact same information was ordered expunged off my records by a judge (See Proctor v. Goord, 801 N.Y.S. 2d 517 "Sup. CT. 2005"). This same expunged information has been being relied upon to maintain me in Ad Seg during sham meaningless reviews." Plaintiff herein, then requested that the statement be expunged from the Ad Seg recommendation and all parole and institutional records, and never again used to maintain him in Ad Seg.

64.) On 7-30-09, plaintiff received a response to the above described Grievance which states: "Grievant is advised D. Jarvis was contacted and states nothing was received from Grievant. Grievant is advised to write to D. Jarvis and provide proof of the Judges order's that expunge such request off Grievant's record." [1] Since plaintiff actually quoted the case law within the Grievance that proves the Judge ordered the information expunged, plaintiff believes the response to his grievance is ironic and disingenuous and clear proof the previously ordered expunged information, was not expunged and is still in all his records and has been continuously relied upon by defendant LeClaire, to maintain plaintiff in Ad Seg with deliberate indifference to his right to receive meaningful periodic reviews.

65.) Plaintiff received the response to his appeal to Grievance CL - 59286-09, which is from the first Deputy Superintendent and dated 8-5-09. It says: "Inmate records complied with grievant's F.O.I.L. request. Grievant has not contacted Inmate Records with regard to his request of expunging information from his records, nor has inmate records received a Court order directing same. Inmate Records has checked the grievant's legal file and I did not find any order regarding the grievant's claim. If the grievant has a copy of the order in his possession, I suggest that he forward it to the appropriate security/guidance personnel so they may update his records, if applicable."

66.) Plaintiff then wrote an appeal statement, dated 8-7-09, to C.O.R.C., which states: "In my grievance I gave the case cite where the Judge ordered my records expunged. I will send the CT. decision as proof of order. The Att. Gen. and DOCS were supposed to expunge my

---

[1] It's assumed, the first sentence (of the two quoted sentences) means nothing was received by D. Jarvis, indicating the Judge expunged plaintiff's record. It can not mean D. Jarvis never received the F.O.I.L or $2.00 disbursement, because plaintiff has the stamped disbursement and he signed for the F.O.I.L documents.

records in 2005. Im appealing to exhaust Admin. Remedies, and show, at least until now, my

records were not expunged." (See Grievance, Exhibit-C attached hereto).

67.)   Upon information and belief, plaintiff continues to remain in Ad Seg as a result of

[New] reasons that arose after the date which he was originally placed in Ad Seg, as well as

[changed] reason's that were available prior to the original placement hearing, but not relied

upon until after the hearing that placed him there. Defendant had a full and fair opportunity to

give plaintiff notice and an opportunity to be heard in a meaningful time and manner, on these

[changed] reason's, at the original placement hearing, yet chose not to.

68.)   Upon information and belief, plaintiff was not afforded notice of these [new] and

[changed] reasons, and afforded an opportunity to respond, except in a periodic review, after they

were already relied upon to deny him Liberty (for months each time), and his right to be heard in

a meaningful time and manner, has already been violated. It's believed this denies due process.

69.)   Upon information and belief, plaintiff's prison sentence will be extended by his

confinement in Ad Seg, because in order to receive a favorable parole decision, plaintiff is

required to take various therapeutic programs which he can not participate in, because these

required programs are not available to plaintiff, an Ad Seg prisoner, whom is housed in S.H.U.

## EXHAUSTION OF LEGAL REMEDIES

70.)   Plaintiff PATRICK PROCTOR, used the Grievance procedure available at GMCF

(See ¶¶36-37) and CCF (See   ¶60, herein) to try to resolve the problems mentioned herein.

Plaintiff has exhausted all his administrative remedies.

## LEGAL CLAIMS

71.)   Plaintiff re-alleges and incorporates by reference paragraphs 1-70, for the purpose

of the following causes of action;

72.) The actions of defendant LUCIEN J. LeCLAIRE, where he failed to provide meaningful periodic reviews of plaintiff PATRICK PROCTOR's Administrative Segregation status and maintains him in the Special Housing Unit using sham, perfunctory and meaningless Periodic Reviews in order to indefinitely confine him (The due process violations are on-going from 2-23-04, to present) to administrative segregation, which caused atypical and significant hardship and constituted deliberate indifference to plaintiff's liberty and violated his due process of Law in violation of the Fourteenth Amendment. U.S.C.A. Const. Amend. 14.

73.) The actions of defendant LUCIEN J. LeCLAIRE, where he is maintaining plaintiff PATRICK PROCTOR in Administrative Segregation using on-going meaningless sham Periodic Reviews (from 2-23-04, to present) as a pretext to indefinity confine him to loss of Liberty in violation of due process, show's specific and related instances of discrimination are being permitted to continue unremedied for so long as to amount to a discriminatory policy or practice which is protected by the Fourteenth Amendment. U.S.C.A. Const. Amend. 14.

74.) The plaintiff has no plain, adequate or complete remedy at Law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendant unless this court grants the declaratory and injunctive relief which plaintiff seek's.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff respectfully prays that this court enter judgement granting plaintiff:

I. A declaration that the act's and omission's described herein violated plaintiff's right's under the Constitution and Laws of the United States.

II. A permanent injunction ordering defendant LUCIEN J. LeCLAIRE JR., and his

agents to:

A)   Release plaintiff PATRICK PROCTOR from Administrative Segregation and immediately place him in general population with the full restoration of all entitled right's and privilge's;

B)   Expunge all references of all the allegations mentioned in the Administrative Segregation Recommendation from plaintiff's institutional, departmental, and parole records;

C)   Prohibit defendant LUCIEN J. LeCLAIRE JR., and all other present and future employees of the Department of Corrections from using any of the allegations mentioned in the Administrative Segregation Recommendation against plaintiff for any purpose at any time in the future;

D)   Prohibit defendant LUCIEN J. LeCLAIRE JR., and all other present and future employees for the Department of Corrections from housing Administrative Segregation prisoner's under conditions with no privilges, in the same special housing unit that houses disciplinary segregated prisoners;

E)   Immediately place plaintiff in an area where he can obtain a television and food commissary item's, as well as where he can obtain the program's required by the parole board;

III.   Compensatory damages against defendant LUCIEN J. LeCLAIRE JR., in the amount of two Hundred and Fifty Dollar's ($250.00) per day for each day spent in Administrative Segregation;

IV.   Punitive damages against defendant LUCIEN J. LeCLAIRE JR., to be determined after trial;

V.     A Jury Trail on all issues triable by Jury;

VI.    Award plaintiff cost's and disbursements in this action;

VII.   Award plaintiff reasonable attorney fee's;

VIII.  Plaintiff brings this action as a pro se litigant, warranting the Court to construe the

       complaint liberally, such that the strongest possible argument is raised <u>Soto v.</u>

       <u>Walker</u>, 44 F. 3d 169, 173 (2d Cir. 1995); <u>Gomez v. USAA Fed. Sav. Bank</u>, 171

       F. 3d 794, 795 (2nd Cir. 1999) (Per Curiam) ("Certainly the Court should not

       dismiss without granting leave to amend at least once where a liberal reading of

       the [pro se] complaint gives any indication that a valid claim might be stated");

       <u>Wynder v. McMahon</u>, 360 F. 3d 73, 79 (2d Cir. 2004) ("Technical pleading

       irregularities may be excused as long as they neither undermine the purpose of

       notice pleading nor prejudice the adverse party");

IX.    Any additional relief this Court deems just, proper, and equitable.

Dated: Dannemora, New York

        September 30th, 2009

                                              Patrick Proctor
                                              _____
                                              PATRICK PROCTOR, Pro Se
                                              #89-A-9763
                                              Clinton Correctional Facility
                                              P.O. Box 2001
                                              Dannemora, New York 12929

<u>VERIFICATION</u>

I have read the forgoing complaint and hereby verify that the matter's alleged therein are

true, except as to matter's alleged on information and belief, and as to those, I believe

them to be true. Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury that the

foregoing is true and correct.


Executed at Dannemora, New York, on <u>September 30th</u>, 2009.


<u>Patrick Proctor</u>
PATRICK PROCTOR, Pro Se

# EXHIBIT A

FORM 2131E (Rev. 5/88)

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES
**INMATE GRIEVANCE COMPLAINT**

**GRIEVANT'S COPY**

Grievance No.

43,455-07

_Great Meadow_ _____ CORRECTIONAL FACILITY

Date: 7-27-07

Name: Patrick Proctor    Dept. No.: 89-A-9763    Housing Unit: F1-03

Program: Ad Seg    AM _____ PM

*(Please Print or Type - This form must be filed within 14 days of Grievance Incident)*

Description of Problem (Please make as brief as possible): I'm in Admin. Seg. and I'm supposed to receive meaningful periodic Review's every 60 day's. My Reviews are a sham. They are being used as a pretext for indefinitely confining me to SHU and they are perfunctory in nature. This has been, and continues to be, an on going problem. My Review's are considering false information that my hearing officer knew to be false at the time of the initial Admin Seg hearing. (e.g. that I extricated myself from mechanical restraints while at Wende C.F., that I extricated →

Continued Pg. 1 of 2

Grievant Signature: Patrick Proctor 89-A-9763 7-27-07

Grievance Clerk _____    Date: _____

Advisor Requested: ☑ Yes ☐ No    Who: Ms. White, Griev. Supervisor

Action requested by inmate: I request to be removed from SHU and placed in the general population with all my privileges restored. I also request all this false information be removed from my records and never allowed to be used in the future to Ad seg me. Also $200.00 a day for compensation, $100,000.00 a day for punitive damages to be paid individually by each person partaking in the sham Reviews.

This Grievance has been informally resolved as follows:

_____
_____
_____
_____

This Informal Resolution is accepted:
(To be completed only if resolved prior to hearing)

Grievant Signature: _____    Date: _____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC)

Grievance No.
43,455-07

8-8-07

Due to the nature of the issues presented this grievance must be Dismissed Pursuant to Directive # 4040 § 701.5 (B)(4)(c)(2), in that Administrative Segregation proceedings have their own appeal mechanism.

Date Returned to Inmate 8-8-07         IGRC Members

Chairperson

Return within 7 calendar days and check appropriate boxes.

[✓] I disagree with IGRC response and wish to appeal to the Superintendent.

[ ] I agree with the IGRC response and wish to appeal to the Superintendent.

[ ] I have reviewed deadlocked responses. Pass-Thru to Superintendent

[ ] I apply to the IGP Supervisor for review of dismissal

I Need To exhaust all my administrative Remedies

Signed Patrick Proctor 89-A-1763          8-13-07
        Grievant                                Date

Grievance Clerk's Receipt                        Date

To be completed by Grievance Clerk.

Grievance Appealed to the Superintendent _____
                                              Date

Grievance forwarded to the Superintendent for action _____
                                                          Date

myself from handcuffs while confined To my cell at Sullivan C.F the mysteriously, lost them, that I said I desired To be a famous criminal, that I secreted a Razor while at Sullivan C.F, that I set fire To my shielded cell at Sullivan C.F and that I barricaded the cell, that a weapon was found behind a light switch cover in my cell while at Sullivan C.F, that I stated 'I have Too much time To do To be Recaptured' if I escaped etc. among many other false lies and Twisted analogies). Some of my Reviews were actually reviewed and signed by the same Captain whom denied me substantive, as well as procedural due process at the initial placement hearing. My Review's are now, and have been, considering information that I never received due process on at the initial placement hearing in Dec 2003. This information was never considered at my initial hearing, it wasn't on my Ad Seg Recommendation, nor was it considered in the Ad seg placement decision / disposition. (e.g. My criminal conviction of murder, robbery and possession of a weapon etc). There should be enough information here for you To do a proper investigation. Please interview me if you need more. All my Review's are in my security folder. All person's involved in these sham, pretext and perfunctory Reviews, should be on notice that your violating my 14th Amendment Rights To due process and 8th Amendment Rights not To be subjected To cruel and unusual punishment.

C.C. file

Sincerely yours,

Patrick Proctor

Patrick Proctor Pro se

Page 2 of 2

TO:     MR. PATRICK PROCTOR

FROM : IGRC

AUGUST 17, 2007

RE: DISMISSAL OF GRIEVANCE / EXHAUSTION OF REMEDIES:

   GRIEVANCE #43,455-07 WAS DISMISSED, AND THEREFORE, YOU MAY NOT APPEAL
IT TO THE SUPERINTENDENT, UNLESS THE IGP SUPERVISOR DEEMS THE DIMISSAL
WAS UNWARRANTED. THE IGP SUPERVISOR HAS DECIDED TO UPHOLD THE DISMISSAL.

   BY FILING THIS GRIEVANCE, AND HAVING IT DISMISSED, YOU **HAVE** EXHAUSTED
YOUR ADMINISTRATIVE REMEDIES.

   IF YOU HAVE ANY FURTHER QUESTIONS, PLEASE FEEL FREE TO ASK, AND I WILL
DO MY BEST TO ANSWER THEM.

                              SINCERELY,

                         X
                           GEORGE 'RED' SCHNACKENBERG
                           IGRC HEAD CLERK

# EXHIBIT B

FORM 2131E (REV. 6/06)

STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES
**INMATE GRIEVANCE COMPLAINT**

RECEIVED
JUN 0 1 2009
INMATE GRIEVANCE

| | Grievance No. |
|---|---|
| | CL-59069-09 |

_Clinton_ _____ CORRECTIONAL FACILITY

Date _5-20-09_

Name _PATRICK PROCTOR_ Dept.No. _89·A·9763_ Housing Unit _SHU-39_

Program _Admin Seg_ AM_24hrs, 7 days a week_PM

*(Please Print or Type - This form must be filed within 21 calendar days of Grievance Incident)* *

Description of Problem: (Please make as brief as possible) _Im in Administrative Segregation, Im supposed to Receive MEANINGFUL Periodic Reviews. The Reviews Im Receiving are a sham. The Reviews are perfunctory in nature and are a pretext for indefinitely confining me in SHU. This has been on-going since Feb.2004. The Reviews have been considering alleged past misconduct charges that either never happened, I was found innocent of at a Due process hearing, OR were expunged_

Page 1 of 3 →

Grievant Signature _Patrick Proctor_ 89·A·9763 _5-20-09_

Grievance Clerk _____ Date: **FILED JUN 0 1 2009**

Advisor Requested ☐ YES ☐ NO Who:

Action requested by inmate: _Placed in general population with all privileges. Expunge all information the Court already ordered expunged 2 times. $200.00 per day for each day Im in Admin Seg from Feb.2004 To present._

This Grievance has been informally resolved as follows:

_____
_____
_____
_____

This Informal Resolution is accepted:
(To be completed only if resolved prior to hearing)

C.C.  Grievant
File   Signature _____ Date: _____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).

from my records two times. One approx 8½ yrs prior to the initial Admin Seg placement hearing (e.g. <u>Proctor V. Coombe</u>) and another time approx two yrs after the initial placement hearing (e.g. Proctor <u>V. Goord</u>).

From 4-1-05 to 6-1-06, Charles F. Kelly, Jr. sat as the Committee Chairman of the review committee. The same person whom was my hearing officer when placed in Admin Seg in 12-24-2003.

Many of my reviews considered new evidence / crimes of commitment (e.g. murder, Robbery, possession of weapon), which was never included and used as a factor during my placement hearing. I was never afforded a right to be heard on these new issues.

Atleast one review form was drawn up and dated two months prior to the actual date the review was supposed to cover, and 21 days before my letter of consideration (that was mentioned in another section of this same review) was even drawn up. (e.g. Review dated 10-6-04, that covered the 12-6-04 review period).

I submitted a letter dated 8-28-05 for consideration on a periodic review and mentioned (as I have many times before) that one of the allegations used against me at the hearing (an during the reviews) was already expunged off my record. In a review dated 10-5-05, there response was: "As we have repeatedly stated, unless Administratively or Judicially set aside, this committee has a right to rely on the findings made during the inmates Admin Seg hearing". Whats startling about this response is, it was <u>Judicially</u> set aside over 10 yrs prior to that statement (<u>Proctor V. Coombe</u>) and again two days after that statement (<u>Proctor V. Goord</u>), yet the same info is still on the Ad Seg Recommendation and was (<u>atleast</u> up until that point) relied upon during the reviews.

whats also shocking about that last quoted review response is, one of the repeated complained about items used to place and maintain me in Ad seg, was administratively set aside approx 8½ years prior to the Ad seg hearing.

That same review quotes two differant dates where its claimed I submitted a letter for consideration at that some review. Both dates are wrong.

All of the above suggest, clearly the Reviews are a sham, not meaningful and perfunctory in nature.

Dept. Comm. LeClaire has been Rubber stamping these sham reviews since Feb. 04, and has been on Notice of all Constitutional Violations mentioned hereing of my Right to have meaningful Periodic Review. He's acting with deliberate indifference. (ie. from Feb. 04 to present).

From atleast 4-1-05 to 6-1-06 C. F. Kelly, Jr. and L. J. LeClaire Jr. were acting in concert in a conspiracy to deny me due process, with deliberate indifference,

There is enough info here to do an investigation.

Patrick Proctor   89·A·9763    5-20-09

Action Requested: I Request to be placed in general population with all privileges Restored. I Request the Court ordered expunged information mentioned herein, be expunged from my Ad seg initial hearing Recommendation. I Request $200.00 per day for each day I'm in Ad Seg.

Sincerely

Patrick Proctor

C.C, File

Code (24)                                      CL-59069-09

**I.G.R.C. Response:**

Grievant is advised as per IGP Supervisor that a hearing
was conducted concerning his administrative segregation status. At that
hearing it was determined that the placement is appropriate. Administrative
Segregation status is reviewed periodically by Department Officials to
determine the need for continued placement.

Date returned to inmate: June 2 2009   I.G.R.C. Members: _____

Chairperson: _____          Paul Tarantola

*Return within 7 days and check appropriate boxes.*

[✓] I disagree with IGRC response and wish to
appeal to the Superintendent.

[ ] I have reviewed deadlocked responses.
Pass-Thru to Superintendent.

[ ] I agree with the IGRC response and wish to
appeal to the Superintendent.

[ ] I apply to the IGP Supervisor for
review of dismissal.

Grievant's Signature: Patrick Proctor   Date: 6-3-09

Grievance Clerk's
Receipt: _____   Date: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

To be completed by Grievance Clerk

Grievance Appealed to the Superintendent: _____
                                               Date

Grievance forwarded to the Superintendent for action: _____
                                                          Date

*An exception to the time limit may be requested under Directive #4040, section 701.6(g).

I.G.R.C./2b

| STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES | Grievance No. CL-59069-09 | Date Filed 6/1/09 |
|---|---|---|
| | Facility CLINTON CORRECTIONAL FACILITY | Policy Designation Inst. |
| INMATE GRIEVANCE PROGRAM DALE A. ARTUS SUPERINTENDENT | Title of Grievance INADEQUATE ADMIN SEG REVIEW | 24 |
| | Superintendent's Signature | Date 6/15/09 |
| Grievant PROCTOR P | Din # 89A9763 | Housing SH-46 |

The grievant alleges that he is not receiving proper reviews for Administrative Segregation.

Investigation has revealed that the grievants status is reviewed every sixty days in accordance with Directive #4933, 301.4, (d). In addition that status review is forwarded to central office to be reviewed and a final determination to retain or release the grievant from Administrative Segregation is made by the Deputy Commissioner.

The grievant may submit a written statement to the superintendent concerning information related to his Administrative Segregation status. This statement will be forwarded to the central office review committee for review. The Inmate Grievance Program is not the appropriate mechanism to utilize to receive monetary awards.

## APPEAL STATEMENT

If you wish to refer the above decision of the Superintendent, please sign below and return this copy to your Inmate Grievance clerk. You have seven (7) calendar days from receipt of this notice to file your appeal.* Please state why you are appealing this decision to the C.O.R.C.

The Reviews are a sham/not meaningful/perfunctory in nature. They have been considering inaccurate information and an incident Twice ordered To be expunged by the Court. The Reviews are being used as a pretext To indefinitly confine me To Admin. Seg.

Patrick Proctor
Grievant's Signature

6-17-09
Date

_____
Grievance Clerk's Signature

_____
Date

*An exception to the time limit may be requested under Directive #4040, section 701.6(g)

| STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES | Grievance Number CL-59069-09 | Desig./Code D/24 | Date Filed 6/1/09 |
|---|---|---|---|
| | Facility Clinton Correctional Facility | | |
| | Title of Grievance Inadequate Admin Seg Review | | |
| INMATE GRIEVANCE PROGRAM CENTRAL OFFICE REVIEW COMMITTEE | Director's Signature *Lindquist Asst.* | | Date 7/29/09 |

7/29/09

**GRIEVANT'S REQUEST UNANIMOUSLY DENIED**

Upon full hearing of the facts and circumstances in the instant case, and upon recommendation of Department's Counsel, the action requested herein is hereby denied.  CORC upholds the determination of the Superintendent for the reasons stated.

Contrary to the grievant's assertions, CORC has not been presented with sufficient evidence to substantiate any malfeasance by staff.  CORC notes that any irregularities or concerns regarding an Administrative Segregation review may be submitted prior to his next scheduled review.

Additionally, the grievant may write to the Superintendent or his designee to make a statement regarding the need for continued administrative segregation.  The reasons stated in this notice, any written statement that you submit, as well as the grievant's overall custodial adjustment will be considered during the next scheduled review, in accordance with Directive #4933, Section 301.4.

CORC has determined that an existing mechanism, with a well defined appeal procedure, responds to challenges to the accuracy of information, and is set forth in NYCRR, Title 7, Sections 5.50 - 5.52.  Accordingly, the grievant may direct his request for expunction to the custodian of the records at the facility, if dissatisfied with the determination, the grievant may appeal the results of that coordinator's decision to the Inspector General.

CORC asserts that monetary damages are not an available remedy through the inmate grievance mechanism.  CORC notes that Directive #4040, Section 701.1, states, in part, that the grievance program is not intended to support an adversary process.

Ja/

# EXHIBIT C

WD                                           Code (42)

## STATE OF NEW YORK — DEPARTMENT OF CORRECTIONAL SERVICES

### CLINTON CORRECTIONAL FACILITY

29

Grievance No.
CL-59286-09

# INMATE GRIEVANCE COMPLAINT

29                              Date 7/29/09

Name P. Proctor          Dept. No.   89-A-9763          Housing Unit  SHU-46

                          Program                        AM        PM

(Please Print or Type — This form must be filed within 21 calendar days of Grievance Incident)*

**Description of Problem:** (Please make as brief as possible)

On 7/8/09, I sent Ms. B. Jarvis, IRC, F.O.I.L. Officer, a disbursement for $2.00 to cover the cost of my disciplinary history and my Ad Seg. recommendation of 12/8/03. today 7/23/09, I received these items legal mail (I signed for them). On the last page of the Ad Seg. recommendation, second paragraph, it says; "On 6/6/95 during a search of proctor's SHU cell 250, a sharpened nail clipper was found in the electric plate cover". This exact same information was ordered expunged off my record by a Judge (See Proctor V. Goord, 801 NYS.2d 517 "Sup. CT. 2005"). This same expunged information has been being relied upon to maintain me in Ad Seg during sham meaningless reviews.

Grievant Signature _Patrick Proctor_          Hearing Date: _____
Grievance Clerk _____

Advisor Requested?   ☐ Yes   ☐ No   Who: _____

**Action requested by inmate:**

I want the above quoted words, expunged from the Ad Seg Recommendation of 12/8/03, as all my parole and institutional records, as the Judge has already ordered. I want notitication that this has been done, and I want a written statement by Superintendent D. Artus, that the quoted words, will not be used against me ever in the future in any way, but especially as an excuse to maintain me in Ad Seg.

This Grievance has been informally resolved as follows: _____

_____

_____

This informal resolution is accepted:
(To be completed only if resolved prior to hearing)

Grievant Signature _____          Date: _____

If unresolved, you are entitled to a hearing by the Inmate Grievance Resolution Committee (IGRC).
*An exception to the time limit may be requested under Directive #4040, section 701.6(g).          I.G.R.C./2a

CG                    CODE   42                    CL-59286-09
**I.G.R.C. Response:**

Grievant is advised D. Jarvis was contacted and states nothing was received from the grievant. Grievant is advised to write to D.Jarvis and provide proof of the judges orders that expunge such request off grievant's record.

Date returned to inmate: 7/30/09          I.G.R.C. Members: _____

Chairperson: _____

*Return within 7 days and check appropriate boxes.*

☑ I disagree with IGRC response and wish to appeal to the Superintendent.

☐ I have reviewed deadlocked responses. Pass-Thru to Superintendent.

☐ I agree with the IGRC response and wish to appeal to the Superintendent.

☐ I apply to the IGP Supervisor for review of dismissal.

Grievant's Signature: Patrili Proxton     Date: 7-31-09

Grievance Clerk's
Receipt: _____     Date: _____

— — — — — — — — — — — — — — — — — — — — — — —

To be completed by Grievance Clerk

Grievance Appealed to the Superintendent: _____
                                              Date

Grievance forwarded to the Superintendent for action: _____
                                                        Date

*An exception to the time limit may be requested under Directive #4040, section 701.6(g).

I.G.R.C./2b

Form 2133 (Rev. 6/06)

| STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES INMATE GRIEVANCE PROGRAM DALE A. ARTUS SUPERINTENDENT | Grievance No. CL – 59286 | Date Filed 7/29/09 |
|---|---|---|
| | Facility CLINTON CORRECTIONAL FACILITY | Policy Designation |
| | Title of Grievance Expunge Info from Record | Class Code |
| | Superintendent's Signature *T. LaValley ASS* | Date 8/5/09 |
| Grievant: PROCTOR, P. | Din # 89A9763 | Housing Unit SHU-46 |

Inmate Records complied with grievant's FOIL request. Grievant has not contacted Inmate Records with regard to his request of expunging information from his records, nor has Inmate Records received a Court Order directing same.

Inmate Records has checked the grievant's legal file and I did not find any order regarding the grievant's claim. If the grievant has a copy of the order in his possession, I suggest that he forward it to the appropriate security/guidance personnel so they may update his records, if applicable.

---

**APPEAL STATEMENT**

If you wish to refer the above decision of the Superintendent, please sign below and return this copy to your Inmate Grievance clerk. You have seven (7) calendar days from receipt of this notice to file your appeal.* Please state why you are appealing this decision to the C.O.R.C. In my grievance I gave the case cite where the judge ordered my records expunged, I will send the ct. decision as proof of order. The Att. Gen. and D.O.C.S were supposed to expunge my records in 2005. I'm appealing to exhaust Admin. Remedies, and show, at least until now, my records were not expunged.

Patrick Proctor                                      8-7-09
Grievant's Signature                                 Date