**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**PATRICK PROCTOR,**

               **Plaintiff,**               9:09-cv-1114
                                                             (GLS/DEP)

          **v.**

**LUCIEN J. LECLAIRE, JR.,** Deputy
Commissioner, Department of
Correctional Services,

               **Defendant.**
_____

**APPEARANCES:**                       **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Patrick Proctor
Pro Se
89-A-9763
Clinton Correctional Facility
P.O. Box 2000
Dannemora, NY 12929

**FOR THE DEFENDANT:**

HON. ERIC T. SCHNEIDERMAN     ADRIENNE J. KERWIN
New York State Attorney General     Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe
District Court Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. Introduction**

Pro se plaintiff Patrick Proctor, an inmate at Clinton Correctional Facility, brings this action under 42 U.S.C. § 1983, alleging violations of his due process rights by Lucien LeClaire, Deputy Commissioner of the New York State Department of Correctional Services (DOCS). (*See* Am. Compl., Dkt. No. 19.) LeClaire filed a motion to dismiss the complaint. (*See* Dkt. No. 20.) In a Report and Recommendation (R&R) filed February 17, 2011, Magistrate Judge David E. Peebles recommended that LeClaire's motion to dismiss be granted.[1] (Dkt. No. 26.) Pending are Proctor's objections to the R&R. (Dkt. No. 28.) For the reasons that follow, the R&R is adopted in its entirety.

**II. Background**[2]

Patrick Proctor is currently confined in administrative segregation, and alleges he has received only "sham, perfunctory and meaningless periodic reviews in order to indefinitely confine him to Administrative

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

[2] For a full recitation of the facts, the parties are referred to the R&R. (*See* R&R at 3-9, Dkt. No. 26.)

2

Segregation." (Am. Compl. at 31, Dkt. No. 19.) Proctor was initially confined to administrative segregation for a term of nine years in the disciplinary special housing unit (SHU).[3] (*See id.* at ¶ 8.) Upon completion of this SHU term, Proctor received on December 9, 2003, an administrative segregation recommendation, which alleged approximately fourteen instances of misconduct and recommended that he remain in administrative segregation. (*See id.* at ¶ 9.) An administrative hearing was held and, on December 24, 2003, Corrections Captain Charles F. Kelly, Jr. accepted the recommendation that Proctor remain in administrative segregation. (*Id.* at ¶ 10.)

New York regulations require that an inmate placed in administrative segregation have his circumstances reviewed in sixty-day intervals. *See* 7 N.Y. COMP. CODES R. & REGS. § 301.4(d). Proctor asserts that, since the time of his confinement, his periodic reviews were not meaningfully conducted.[4] (*See* Am. Compl. at ¶¶ 13-14, Dkt. No. 19.) Accordingly,

---

[3] As noted by Judge Peebles in the R&R, this term of disciplinary confinement appears to be "precipitated in large part by [Proctor's] successful escape in November of 1994 from the Shawangunk Correctional Facility pursuant to a plan involving three other inmates and a parolee." (R&R at 4 n.4, Dkt. No. 26 (citing *Proctor v. Kelly*, No. 9:05-cv-692, Sept. 30, 2008 R&R at 3, Dkt. No. 104).)

[4] The determination made on December 24, 2003, regarding the necessity of administrative segregation was unsuccessfully challenged by Proctor in his previous action before this court.

3

Proctor sought various avenues for complaint.  Proctor submitted a supplemental administrative appeal on March 24, 2004, which was ultimately forwarded to defendant LeClaire.  (*See id.* at ¶ 15.)  In addition, Proctor wrote to LeClaire regarding his sixty-day reviews, and to the superintendent at Great Meadows Correctional Facility requesting that the letters be taken into consideration in his reviews.  (*See id.* at ¶¶ 17, 21, 23, 25, 33, 54, 67.)  On September 25, 2007, Proctor wrote to DOCS Commissioner Brian Fischer, and thereafter received a response from LeClaire, which stated that "[a]ll pertinent information, including your letter, will be included as part of the review process during the next meeting of the Ad Seg Review Committee."  (*Id.* at ¶¶ 60-61.)  In addition to writing letters to DOCS officials, Proctor filed grievances on July 27, 2007, May 20, 2009, and July 29, 2009.  (*See id.* at ¶¶ 56, 81, 84.)  Proctor's first grievance was dismissed and the second and third were unsuccessfully pursued through the DOCS Central Office Review Committee.  (*See id.*)

Proctor commenced this action on October 2, 2009, and subsequently filed an amended complaint.  (*See* Compl., Dkt. No. 1; Am. Compl., Dkt. No. 19.)  On May 18, 2010, LeClaire moved to dismiss Proctor's amended complaint pursuant to FED R. CIV. P. 12(b)(6), asserting

4

that: (1) the complaint fails to allege LeClaire's personal involvement in the due process deprivations alleged; (2) Proctor's claims are barred by claim preclusion based upon the court's decision in the earlier proceeding regarding his periodic review claims; and (3) Proctor's claims are barred, in whole or in part, by the governing statute of limitations.  (*See* Dkt. No. 7.)

### III.  Standard of Review

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations de novo.  *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).  In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a magistrate judge for clear error.  *See id.*

### IV.  Discussion

**A.    Personal Involvement**

In the R&R, Judge Peebles concluded that Proctor's "amended complaint, when liberally construed and after drawing all inferences in his

5

favor, sufficiently alleges defendant LeClaire's participation in the violations asserted." (R&R at 14, Dkt. No. 26.) Absent any specific objections to this conclusion, the court has reviewed it for clear error and finds none. Accordingly, the court adopts Judge Peebles's recommendation that LeClaire's motion be denied as to personal involvement.

**B.    Statute of Limitations**

Judge Peebles also concluded that Proctor's claims were not barred by the applicable statute of limitations. (*See id.* at 26.) LeClaire does not object to Judge Peebles's finding that the statute of limitations on Proctor's claim was tolled by the continuing violation doctrine. The court has reviewed this portion of the R&R for clear error, finds none, and adopts the recommendation that this aspect of the motion be denied.

**C.    Claim Preclusion**

Judge Peebles ultimately recommended that Proctor's due process claim be dismissed as barred by the doctrine of claim preclusion. (*See id.* at 23.) Claim preclusion arises when a prior final judgment forestalls further litigation on the same claim. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). And as set forth in the R&R, before the doctrine of claim preclusion forecloses a cause of action, "it must be shown that there was a

6

final judgment on the merits in a previous proceeding, involving the same parties or their privies, and arising out of the same transaction or connected series of transactions." (R&R at 18-19, Dkt. No. 26 (citing *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286-87 (2d Cir. 2002); *Faye v. S. Colonie Cent. Sch. Dist.*, 802 F.2d 21, 28 (2d Cir. 1986), *overruled on other grounds*, *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768 (2d Cir. 2002)).)

In the prior action, the issue of sixty-day reviews was not raised in Proctor's complaint. (*See Proctor v. Kelly*, No. 9:05-cv-692, Compl., Dkt. No. 1.) Rather, the issue was first raised and resolved at the summary judgment stage.[5] Thus, with respect to the issue of claim preclusion, Judge Peebles recommended dismissal because the claim should have been, and was, raised in the previous action. (*See* R&R at 19, Dkt. No. 26.) Proctor's due process claim concerning his periodic reviews is the same claim he advanced in the prior action. (*See id.* at 20.) In fact, Proctor's amended complaint contends that LeClaire's discriminatory policy or practice concerning his reviews began on or about February 23, 2004, (*see* Am.

---

[5] While this claim went unaddressed in Magistrate Judge Gustave J. DiBianco's report and recommendation, District Judge Glenn T. Suddaby concluded that although the issue was not properly before the court, he would address the merits of the claim "in the interest of thoroughness." (See *Proctor v. Kelly*, No. 9:05-CV-692, Dec. 16, 2008 Order at 15, Dkt. No. 110.)

Compl. ¶¶ at 13-14), and that since April 2008, each review has employed this discriminatory policy, (*see id.* at ¶ 77). Proctor's first claim involved the initial administrative segregation determination, and his second claim developed to include the periodic reviews based on the same "'facts derive[d] ultimately from the same origin or motivation.'" (*See* R&R at 20-21, Dkt. No. 26 (quoting *Waldman v. Vill. of Kiryas Joel*, 207 F.3d 105, 111-12 (2d Cir. 2000)).) As Judge Peebles noted, "this lawsuit would have formed a convenient trial unit with the previous action since both involve substantially the same occurrences regarding [Proctor's] periodic reviews of his administrative confinement." (R&R at 21, Dkt. No. 26 (citing *Interoceanica Corp. v. Sound Pilots, Inc.*, 107 F.3d 86 (2d Cir. 1997)).) Both actions involve facts that occurred as a "single transaction or series of related transactions." *Waldman,* 207 F.3d at 112 (citation omitted). Accordingly, treating the facts of both actions as a single transaction would "conform to the parties' expectations," *Interoceanica*, 107 F.3d at 90, which supports Judge Peebles's reasoning that the doctrine of claim preclusion bars Proctor's claim.

    Proctor makes multiple objections to the preclusion of his claim. (*See* Objections at 3-25, Dkt. No. 28.) First, he contends that because nine

period reviews have occurred since his prior action was dismissed, his claim remains viable. (*See id.* at 4.) Second, he asserts that although reviews began on February 23, 2004, he was unaware of them until 2009. (*See id.* at 8.) Third, he alleges that the facts have not remained the same, but rather are constantly evolving and changing. (*See id.* at 9.) And fourth, he alleges that he did not have a full and fair opportunity to litigate this claim before because he was pro se. (*See id.* at 18-19.) The court rejects these objections, because as Judge Peebles's observed:

> [A]llowing [Proctor's] claims to proceed in this action would contravene the paramount policy considerations underlying the doctrine of res judicata ... [and] each sixty-day interval when [Proctor's] administrative confinement is reviewed could give rise to a new claim ... even though there has been no change in the underlying facts and circumstances.

(R&R at 21-22, Dkt. No. 26 (italics omitted).) Accordingly, Proctor's due process claim is dismissed.

**D.   Issue Preclusion**

In the R&R, Judge Peebles also recommended that Proctor's due process claim be dismissed under the doctrine of issue preclusion. (*See id.* at 24.) Proctor specifically objects to this recommendation, arguing that the requirements of issue preclusion have not been satisfied, and that the R&R

9

is "fostering Constitutional violations." (Objections at 25, Dkt. No. 28.) The court agrees with Judge Peebles that Proctor's due process claim was already addressed on the merits and is therefore barred by issue preclusion. (R&R at 24, Dkt. No. 26 ("Issue preclusion bars [a] party that has had a full and fair opportunity to litigate an issue of fact from relitigating the same issue once it has been decided against that party ...." (citing *McKithen v. Brown*, 481 F.3d 89, 105 (2d Cir. 2007))).) Accordingly, Proctor's due process claim is also subject to dismissal on the basis of issue preclusion.

**E.     Leave to Amend**

Finally, Proctor requests leave to amend his complaint and asserts that he has "many additional violations [he] can add to [his claim] in a supplemental complaint." (*See* Objections at 12, Dkt. No. 28.) Rule 15(a) provides that where a party seeks to amend his pleading before trial, "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "A motion to amend should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987)

(internal quotation marks and citation omitted). "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead*, 282 F.3d 83, 88 (2d Cir. 2002) (citation omitted). Upon review of Proctor's complaint, the court finds that leave to amend would be futile and denies the request. However, the court notes that notwithstanding the dismissal of this action, Proctor may, if he so chooses, assert any additional claims in a later action. As Judge Peebles noted, this dismissal does not say "that a future action or series of future occurrences involving [Proctor's] administrative segregation review could not at some point suffice to create a new, viable section 1983 action." (R&R at 22, Dkt. No. 26 (citing *Waldman*, 207 F.3d at 113).)

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge David E. Peebles's Report and Recommendation (Dkt. No. 26) is **ADOPTED**; and it is further

**ORDERED** that LeClaire's motion to dismiss is **GRANTED**, and the complaint is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this

11

Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

July 21, 2011
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge