**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**PATRICK PROCTOR,**

                                  **Plaintiff,**        **9:09-cv-1114**
                                                                       **(GLS/DEP)**

                                **v.**

**LUCIEN J. LECLAIRE, JR. et al.,**

                                **Defendants,**
_____

## SUMMARY ORDER

On February 14, 2017, the Second Circuit for the United States Court of Appeals issued a mandate vacating this court's decision regarding plaintiff Patrick Proctor's substantive due process claim under the Fourteenth Amendment. (Dkt. No. 108.) Following the mandate, the court permitted the parties to further supplement the record and provide additional argument regarding this claim.[1] (Dkt. No. 123.) The court now considers the parties' arguments, (Dkt. Nos. 127, 131, 135), and again finds that defendants are entitled to summary judgment on Proctor's Fourteenth Amendment substantive due process claim, (Dkt. No. 102 at

---

[1] The original summary judgment decision notes that the parties briefed the substantive due process claim in their submissions. (Dkt. No. 90 at 19-23; Dkt. No. 94 at 3-5.) Indeed, defendants moved "to dismiss plaintiff's complaint" in its entirety, (Dkt. No. 89 at 1), and Proctor had a full opportunity to brief this issue in his response papers, (Dkt. No. 90 at 19-23).

14-16). Accordingly, this claim is dismissed.

Defendants argue that Proctor fails to meet his burden to show that they acted "arbitrary in the constitutional sense" by denying his petitions seeking release to the general prison population during their periodic reviews of his administrative segregation placement (hereinafter "Ad Seg"). (Dkt. No. 127 at 6.) Proctor makes two arguments in response. First, Proctor contends that his confinement in Ad Seg is effectively indefinite and, therefore, violates his right to substantive due process. (Dkt. No. 131 at 10-12.) Second, Proctor argues that defendants were deliberately indifferent to the mental health impact resulting from his long-term confinement and, thus, defendants exhibited conscience-shocking behavior. (*Id.* at 12-15.)

A cognizable Fourteenth Amendment substantive due process claim requires a plaintiff to demonstrate that he was harmed by "government action that is arbitrary, . . . conscience-shocking, . . . or oppressive in a constitutional sense." *Lowrance v. Achtyl*, 20 F.3d 529, 537 (2d Cir. 1994); *see Okin v. Vill. of Cornwall-on-Hudson Police Dep't*, 577 F.3d 415, 431 (2d Cir. 2009); *Samms v. Fischer*, No. 9:10-cv-349, 2011 WL 3876522, at *5 (N.D.N.Y. Aug. 31, 2011). "[G]overnment action that is incorrect or ill-

2

advised" will not suffice.  *Lowrance*, 20 F.3d at 537 (internal quotation marks and citations omitted); see *Samms*, 2011 WL 3876522 at *5.

Specifically, a decision to confine an inmate in Ad Seg is not constitutionally arbitrary or conscious-shocking if an inmate's past conduct — such as a history of violence at a correctional facility — would undermine the safety and security of the prison.  *See Samms*, 2011 WL 3876522 at *5; *see also Proctor v. Kelly*, No. 9:05-cv-692, 2008 WL 5243925, at *6 (N.D.N.Y. Dec. 16, 2008).  Certainly, prison officials are "accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  *Bell v. Wolfish*, 441 U.S. 520, 547 (1979); *see Proctor v. LeClaire*, 846 F.3d 597, 608-09 (2d Cir. 2017).

Here, Proctor's violent history and record of escape are undisputed and all too familiar to the court and the parties.  Proctor's misconduct is chronicled in detail in numerous opinions by both this court and the Second Circuit.  *See Proctor*, 846 F.3d at 602-03; *Proctor v. LeClaire*, 715 F.3d 402, 405-06 (2d Cir. 2013); *Proctor v. LeClaire*, No. 9:09-cv-1114, 2015 WL 5971043, at *1 (N.D.N.Y. Oct. 14, 2015); *Proctor v. LeClaire*, No. 9:09-

cv-1114, 2011 WL 2976911, at *1 nn. 2-3 (N.D.N.Y. July 21, 2011). Because of Proctor's lengthy history of egregious criminal conduct, which jeopardizes the safety of prison officials and inmates, defendants' decisions to deny his petitions for release from Ad Seg are not arbitrary in the constitutional sense.  *See Lowrance*, 20 F.3d at 537.  Proctor packages arguments that should be directed at procedural due process and Eighth Amendment claims into a claim based on a violation of substantive due process; simply stated, these assertions do not fit the claim before the court.[2]  Therefore, Proctor's Fourteenth Amendment substantive due process claim is dismissed.

Accordingly, it is hereby

**ORDERED** that Proctor's Fourteenth Amendment substantive due process claim (2d Am. Compl. ¶¶ 67-72, Dkt. No. 48) is **DISMISSED**; and it is further

**ORDERED** that Proctor's request for oral argument on the motion is **DENIED**; and it is further

**ORDERED** that this case is deemed trial ready and the court, in due

---

[2] The court is unpersuaded by Proctor's reliance on out-of-circuit authority.  (Dkt. No. 131 at 10 (citing *Shoatz v. Wetzel*, No. 2:13-cv-0657, 2014 WL 294988 (W.D. Pa. Jan 27, 2014)).)

course, shall issue a trial scheduling order; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

August 8, 2017
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge