# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, NY 10022

Timothy K. Gilman
To Call Writer Directly:
(212) 446-4689
timothy.gilman@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900

May 3, 2019

**By ECF and E-mail**

Hon. Brenda K. Sannes, U.S. District Judge
Federal Building and U.S. Courthouse
P.O. Box 7336
Syracuse NY 13261-7336

Re:  *Proctor v. LeClaire, Jr., et al,* 09-cv-1114(BKS)(DEP)

Dear Judge Sannes:

I write on behalf of Plaintiff Patrick Proctor concerning the parties' Stipulation and Order of Discontinuance Pursuant to Rule 41(a) (the "Stipulation"). The parties are working to execute the Stipulation shortly, and we expect that it will be submitted to the Court before the next status update is due on May 8, 2019.[1] Plaintiff respectfully requests that the Stipulation be filed under seal. This is because the Stipulation contains sensitive information whose public disclosure would pose a threat to Mr. Proctor's safety in prison. If the Court determines the Stipulation should not be filed under seal, the Plaintiff requests that the Court return the document to Plaintiff's counsel for proposed redactions before filing on the public docket.

There is a history of sealing sensitive documents to protect Mr. Proctor's safety in this case. The parties previously stipulated and agreed to a Protective Order whereby any party to the litigation could designate as "Confidential" any document "that contains private or confidential personal information," and designate as "Attorneys' Eyes Only" any document that, if disclosed to an inmate, "is highly likely to cause significant physical harm to an individual." (D.E. 65, Order dated December 17, 2013, at 1-2.) Pursuant to that Order, Mr. Proctor filed his opening brief in the United States Court of Appeals for the Second Circuit under seal. (No. 15-3673-cv, D.E. 30, Uncontested Motion for Leave to File Appellant Brief and Volumes VI and VII of the Appendix under Seal.) More recently, the transcript for the settlement conference during which the parties negotiated and agreed to the terms of this Stipulation was sealed by the Court, because Your Honor found that the presumption in favor of public access was outweighed as "[t]he Second Circuit has noted that access to ***settlement discussions and documents*** has no value to those monitoring the

---

[1] A copy of the Stipulation is attached as Exhibit 1 and is submitted forthwith to the Court under seal pursuant to Local Rule 83.13.

# KIRKLAND & ELLIS LLP

Honorable Brenda K. Sannes
May 3, 2019
Page 2

exercise of Article III judicial power . . . and that the presumption of access to settlement negotiations is negligible to nonexistent." (D.E. 190, Settlement Conference Transcript, Jan. 4, 2019, at 4:1-10 (*citing United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 857 (2d Cir. 1998)).) The Defendants did not object to the sealing of the settlement conference transcript.

Moreover, the Stipulation meets the test in the applicable *Lugosch* framework in this circuit for properly sealing documents. To seal or redact documents, the Court must first determine whether the documents are "judicial documents" to which a "common law presumption of public access attaches." *Lugosch v. Pyramid Co. of Onondaga County*, 435 F.3d 110, 119-27 (2d Cir. 2006). Although a settlement agreement is considered a "judicial document" to which the common law presumption of public access attaches,[2] "countervailing factors" outweigh that common law presumption of access here. *Lugosch*, 435 F.3d at 119–120. The crux of the *Lugosch* analysis requires "balancing the value of public disclosure and countervailing factors such as (i) the danger of impairing law enforcement or judicial efficiency, and (ii) the privacy interests of those resisting disclosure." *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 143 (2d Cir. 2016); *U.S. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995).

Here, the public access presumption ("governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts" *id.)* is outweighed by the safety threats posed to Mr. Proctor by public access. The Stipulation contains information that, if made public, poses a threat to Mr. Proctor's safety in prison. First, the Stipulation lists the the dollar amount of the parties' monetary settlement. (*See* Paragraph 5(e)). Second, the Stipulation lists privileges that Mr. Proctor receives. (*See* Paragraph 5(c)). Third, the Stipulation discloses Mr. Proctor's location. (*See generally* Paragraph 5). Various inmates have followed Mr. Proctor's case and appeal, and have expressed strong feelings regarding the relief Mr. Proctor might receive. Mr. Proctor justifiably believes that the disclosure of his specific relief could invoke their anger and retaliation. If made public, it likewise could inspire resentment, anger, and retaliation by other inmates, and could facilitate any harassment or violence inspired by the aforementioned provisions of the Stipulation.[3] Thus, even though the Stipulation is a "judicial document" subject to a qualified First Amendment right of access, here it is appropriate to seal the Stipulation as it "is essential to preserve higher values and

---

[2]  *United States v. Erie Cty., N.Y.*, 763 F.3d 235, 243 (2d Cir. 2014)

[3]  These specific harms distinguish this case from *Utica Mutual Insurance Company*, where "the parties ha[d] not identified, with particularity, why [the settlement] documents should be sealed or the harms likely from disclosure." *Utica Mut. Ins. Co. v. Munich Reinsurance Am., Inc.*, 2017 WL 9400673, at *5 (N.D.N.Y. Jan. 6, 2017).

# KIRKLAND & ELLIS LLP

Honorable Brenda K. Sannes
May 3, 2019
Page 3

is narrowly tailored to serve [the] interest" of ensuring Mr. Proctor's safety.  *Lugosch*, 435 F.3d at 119.

Finally, even if the Court finds that the Stipulation cannot be filed under seal in its entirety, Plaintiff's narrowly-tailored redactions would more than outweigh the limited presumption of public access to a private settlement document between the parties here.  None of the redacted material appears elsewhere in the record, and its public disclosure serves little value.  Courts routinely seal information to protect a person's physical safety, when it does not already appear in the public record.  *See, e.g., Tomassini v. FCA US LLC*, 2017 WL 9400672, at *4 (N.D.N.Y. Jan. 6, 2017) (citing *N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 305 (2d Cir. 2011)) (listing "a person's physical safety" as a "higher value that ha[s] been found to overcome the First Amendment").

At bottom, Mr. Proctor's privacy and safety interests far outweigh the Stipulation's minimal value to the public.  *See Bernstein*, 814 F.3d at 143.  Accordingly, Plaintiff respectfully requests that the Court permits the parties' Stipulation and Order of Discontinuance Pursuant to Rule 41(a) to be filed under seal.

                              Respectfully submitted,

                              */s/ Timothy K. Gilman*
                              Timothy K. Gilman
                              KIRKLAND & ELLIS LLP
                              601 Lexington Avenue
                              New York, NY 10022
                              Telephone: (212) 446-4800
                              Facsimile: (212) 446-4900
                              timothy.gilman@kirkland.com
                              *Attorney for Plaintiff Patrick Proctor*

cc:       All counsel of record